UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAYER AMSCHEL
ROTHSCHILD, and to all others
similarly situated class action,

    Plaintiff,

v.                                      Case No.:  2:24-cv-301-SPC-KCD

PFIZER CORPORATION, PFIZER
CORPORATION AND
PHARMACIA & UPJOHN
COMPANY INC. PFIZER INC. and
PHARMACIA & UPJOHN
COMPANY INC., AND VIATRIS
INC.,

    Defendants.
_____/

## **REPORT & RECOMMENDATION**

Mayer Amschel Rothschild filed this lawsuit against the Pfizer Corporation and others. (Doc. 1.)[1] Rothschild also moved to proceed *in forma pauperis*. (Doc. 2.) The IFP motion was "granted as to the 28 U.S.C. § 1915(a) poverty requirement but denied as to the action's sufficiency under § 1915(e)(2)." (Doc. 4 at 1.) This was because the complaint was a classic "shotgun pleading" with "disjointed, meandering" claims. (*Id.* at 7.) Rothschild

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

was directed to file an amended complaint that "complies with the proper pleading standards and omits any class action allegations." (*Id.* at 8.)

Rothschild filed an amended complaint, but it was still deficient because it consisted of four different pleadings filed as one document, it did not properly allege subject-matter jurisdiction, and it was unsigned. (Doc. 14.) The Court again directed Rothschild to file a second amended complaint that cured these problems. (Doc. 15.)

Now before the Court is Rothschild's second amended complaint. (Doc. 18.) The undersigned recommends dismissal because the pleading remains deficient.

A complaint from a plaintiff proceeding *in forma pauperis* that "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief" must be rejected under 28 U.S.C. § 1915(e)(2)(B). A complaint is considered frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Ebron v. Immigr. & Customs Enf't*, No. 3:12-CV-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) ("Actions may be frivolous in their factual allegations or in their legal theories.").

Pro se pleadings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, the Supreme Court has "never suggested that procedural

2

rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

Rothschild's latest complaint is deficient on several fronts. To start, the filing appears to consist of four different pleadings combined as one document. (Doc. 18.) The Court flagged this issue for Rothschild previously (Doc. 15), but the problem persists.

Second, Rothschild has failed to allege subject-matter jurisdiction sufficiently. Federal courts have diversity jurisdiction (which is what Rothschild claims here) if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). If there is any deficiency in subject-matter jurisdiction, the court constitutionally must dismiss the action. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

Rothschild simply proclaims his damages exceed $75,000. But that general declaration, standing alone, is not enough. To state a claim, he must also provide facts to support his damages. *See, e.g.*, *Dibble v. Avrich*, No. 14-CIV-61264, 2014 WL 6632629, at *2 (S.D. Fla. Nov. 21, 2014).

Rothschild has also failed to establish the citizenship of any party. He alleges he resides in Port Charlotte, Florida. Yet citizenship, for jurisdictional purposes, is the equivalent of one's domicile, not residence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. Here, Rothschild's citizenship is unclear.

As for the corporate defendants, the complaint says they "are pharmaceutical companies with their principal place of business at 66 Hudson Boulevard East, New York." (Doc. 18 at 3, 5, 8, 10.) But a corporation is a citizen of its state of incorporation *and* the state where it has its principal place of business. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). The complaint does not identify the state of incorporation for any defendant. It is thus impossible for the Court to discern if the parties are diverse.

Aside from jurisdictional issues, Rothschild has again included class-action allegations. But the personal right to litigate one's own case "does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (holding that a private individual may not bring a qui tam suit pro se); *see also Bass v. Benton*, 408 F. App'x 298, 299 (11th Cir. 2011) (affirming dismissal of former prisoner's pro se § 1983 complaint on

4

basis he "may not represent the plaintiffs in a class action suit"). The complaint is also a classic "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320-21 (11th Cir. 2015). One particular type of impermissible shotgun pleading is lumping individual defendants together. *Id.* at 1321. That is the case here—there is no differentiation between the defendants. Instead, they are impermissibly lumped together as if their liability is congruent. Finally, the complaint is not signed. *See* Fed. R. Civ. P. 11(a) ("Every pleading … must be signed … by a party personally if the party is unrepresented.").

Yet again, Rothschild has failed to conform to the procedural rules and offer a viable complaint. Even with the most liberal construction, Rothschild neither alleges how this Court has jurisdiction nor states a valid cause of action against each defendant. And Rothschild has twice been allowed to amend under § 1915. Thus, this action should be dismissed. To proceed otherwise "would result in waste of scarce [public] resources and would only serve as an incentive to further abuses." *McKenna v. Obama*, No. 3:15CV335/MCR/CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016).

It is thus **RECOMMENDED** that the second amended complaint (Doc. 18) be dismissed, and the case closed.

**ENTERED** in Fort Myers, Florida on August 12, 2024.

Kyle C. Dudek
United States Magistrate Judge

5

Copies:   All Parties of Record

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.